633 A.2d 588

**LANCASTER LABORATORIES, INC., Appellant at No. 61,**

v.

**COMMONWEALTH of Pennsylvania, BOARD OF FINANCE AND REVENUE, Appellant at No. 62.**

Supreme Court of Pennsylvania.

Argued May 3, 1993.

Decided Nov. 10, 1993.

Russell J. Ober, Jr., Pittsburgh, for appellant at No. 61.

Bart J. DeLuca, Sr., Harrisburg, for appellant at No. 62.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## ORDER

PER CURIAM:

Order affirmed.

MONTEMURO, J., files a dissenting statement in which NIX, C.J., joins.

LARSEN, J., did not participate in the decision of this case.

MONTEMURO, Justice, dissenting.

I dissent from the conclusion that Lancaster's label-related testing does not qualify for the manufacturing exclusion.

It is reasoned that because such research as Lancaster performs is aimed at providing the client with a competitive advantage, it can be classified as unexcludable "market research or research having as its objective the improvement of administrative efficiency." 72 P.S. § 7201(5) I can think of no situation in which research performed on a product in this

context is not directed at gaining some competitive advantage for its manufacturer, either by improving the product's salability, reducing the producer's liability, or a combination of both. In no event is such research undertaken for wholly disinterested non-commercial motives. That being so, the research exemption is effectively rendered void, an illogicality which our scheme of statutory construction does not permit. Instead, it would seem to me that where, as here, the improvement of the product is an objective, the exemption should apply; while the producer's self-interest and competitive advantage are clearly implicated, so are the interests of the purchasing public.

Accordingly, I would reverse the decision of the Commonwealth Court on this issue.

NIX, C.J., joins in the dissenting statement.